# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## JANUARY TERM, 1913

### Asher, et al., v. Bailey, et al.

(Decided January 31, 1913.)

#### Appeal from Harlan Circuit Court.

Land—Deeds — Boundaries — Construction — Ambiguity — Intention of Parties—Instructions.—While Bailey, who executed the title bond now owned by appellants did not believe any of its boundaries would cover any part of the Hampton patent, one of them included a small portion of it, and lines necessary to include the number of acres conveyed should not be sacrificed although they interfere with the Hampton patent, as it was intended in the execution of the bond to convey the land described in the boundary. For this reason there should have been a peremptory instruction for appellants in their action to obtain a deed. (For former opinion, see 30 Ky. L. R., 652.)

SAMPSON & SAMPSON and W. F. HALL, for appellants.

G. A. EVERSOLE and J. G. FORRESTER, for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This case was appealed to this court once before and reversed, (30 Ky. L. R., 652) and the same parties appeal this time as before. John S. Bailey owned the Hampton patent of 850 acres and several other patents, all in one body, aggregating about 750 acres. Samuel Clay bought 750 acres of land from Bailey and he executed him a title bond for it describing seven tracts. The Cumberland Valley Land Company became the owner of this title bond and Bailey died before executing a deed; so the Land Company brought an action against all the heirs of Bailey for the purpose of obtaining a deed. The court ordered the master commissioner to make the deed, which he did. After this, the heirs also executed a deed to the land. It is evident that John S. Bailey did not believe that any of the boundaries in the title bond would cover any part of the Hampton 850 acre patent, but one of them does actually include a small portion of it on

the southwest end. The former opinion describes the land and shows how it affects the Bailey land. It is said in the former opinion that it does not matter where the true line of the Hampton land is; that if the parties believed when the deeds were executed that it was·at a certain place and surveyed and sold the land to that place, such location of the line will control regardless of the true location of the Hampton patent boundary. It is utterly impossible to locate this boundary of land without interfering with the Hampton patent, unless, as stated in the former opinion, at least two lines be sacrificed, and this should not be done as the lines are necessary to include the number of acres conveyed, and it appears that the parties must have run these lines when the title bond was executed.

For these reasons, the court should have instructed the jury peremptorily to find for appellants, therefore, the judgment is reversed and cause remanded for further proceedings consistent herewith.